IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM DE JESUS TORO-ROJAS                                      PETITIONER
#111881

V.                          Case No. 4:26-CV-00740-KGB-BBM

DOE                                                             RESPONDENT

## ORDER

On July 17, 2026, Petitioner William De Jesus Toro-Rojas, a pretrial detainee being held at the Saline County Detention Facility, filed a *pro se* Habeas Petition under 28 U.S.C. § 2241, (Doc. 12), and Request for Injunction, (Doc. 11), in *Toro-Rojas v. Sowell et al.*, 4:26-cv-00658-LPR-ERE. On July 22, 2026, Magistrate Judge Ervin directed the Clerk of Court to open a separate § 2241 case and to file Toro-Rojas's habeas petition and injunction request in that case. As a result, Toro-Rojas's *pro se* Habeas Petition, (Doc. 2), and Request for Injunction, (Doc. 3), were filed on July 22, 2026, in the present case.

**1.      Toro-Rojas must submit his habeas claim using Form AO 242 and name the correct respondent.**

Toro-Rojas's Petition fails to provide sufficient information for this Court to determine the specific constitutional claims he is asserting and if his federal habeas action should be allowed to proceed. Rule 9.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides that "[a]ll actions under . . . 28 U.S.C. § 2241 . . . filed in this district by incarcerated persons shall be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and

the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form." Accordingly, the Court directs Toro-Rojas to file an Amended Petition[1] using the court-approved form, AO 242, and specify any basis for relief he may have by **August 24, 2026**.

Moreover, Toro-Rojas did not name any respondents in this action. (Doc. 2 at 1). According to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall name the person who has custody, if known. Toro-Rojas is currently housed in the Saline County Detention Center; therefore, the proper Respondent for this case is Rodney Wright, Saline County Sheriff. In his Amended Petition, Toro-Rojas should name his current custodian, Wright, as the sole Respondent.

### 2. Toro-Rojas must submit an Application to Proceed Without Prepayment of Fees (Form AO 240) or pay the $5.00 filing fee.

Toro-Rojas has not paid the filing fee and has not filed a Motion to Proceed *In Forma Pauperis*.[2] If Toro-Rojas intends to proceed with this action, he must submit a completed and signed Application to Proceed Without Prepayment of Fees (Form AO 240) *or* pay the $5.00 filing fee, in full, by **August 24, 2026**.

---

[1] Toro-Rojas is advised that his amended petition will supersede his initial petition; therefore, he should include in the amended petition all alleged facts and claims that he wants the Court to consider. *See Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025) (the "original complaint was rendered devoid of legal effect once the amended complaint was filed" and, thereby, became "the operative complaint").

[2] *See* RULE 3(A), RULES GOVERNING § 2254 CASES IN UNITED STATES DISTRICT COURTS (providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petition has in any account in the institution"); *see also* § 2254 RULE 1 (applicability of § 2254 Rules).

IT IS THEREFORE ORDERED THAT:

1.      The Clerk of the Court is directed to send Toro-Rojas, by mail, a copy of the Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240).

2.      If Toro-Rojas wishes to continue with this action, he must, on or before **August 24, 2026**, either: (1) file the completed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), including the Certificate of Prisoner Accounts;[3] or (2) pay the $5.00 filing fee, in full.[4]

3.      The Clerk of the Court is directed to send Toro-Rojas, by mail, a blank 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Form AO 242), labeled "Amended Petition."

4.      If Toro-Rojas wishes to continue with this action, he must, on or before **August 24, 2026**: (a) complete the applicable sections of the Petition for Writ of Habeas Corpus (Form AO 242); (b) sign and date the form on the applicable page; and (c) file the form with the Court.

5.      The Court advises Toro-Rojas that, if he fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[5]

---

[3] The Certificate must be signed by an authorized officer at the incarcerating facility.

[4] Toro-Rojas's payment must clearly indicate that it is for payment of the filing fee in this action: *Toro-Rojas v. Wright*, 4:26-CV-00740-KGB-BBM.

[5] Local Rule 5.5(c)(2) states:

Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her

6.      Toro-Rojas's Request for Injunction, (Doc. 3), is DENIED without prejudice

as premature.

SO ORDERED this 24th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added); *see also* FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); HABEAS RULE 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).